## Jurkowitz' Estate

*J. Julius Levy,* for petitioner.
*Jerome I. Myers,* for exceptant.

MURPHY, P. J., June 5, 1946.—On May 15, 1946, a petition for citation in partition was presented to the court and on the same day a citation was issued. All interested parties, with the exception of Philip Jurkowitz, hereinafter referred to as the exceptant, joined in said petition. Said citation was returnable May 27, 1946. On May 27, 1946, after being duly served, exceptant filed a motion to quash said citation, and by agreement of counsel and approval of court, May 31st at 10 o'clock a. m. was fixed for argument on said motion to quash. On May 31, 1946, the attorney for petitioners filed a motion to dismiss the motion to quash, but subsequently withdrew said motion to dismiss and submitted same as petitioners' brief.

Exceptant in his motion to quash assigned the following reasons:

"1. That the said petition filed by Millie Jurkowitz, et al., sets forth that it is a petition of Millie Jurkowitz, Administratrix of the Estate of Benjamin Jurkowitz, deceased, and is signed by Millie Jurkowitz as an individual, and her affidavit is as an individual."

In the petition for partition it is set forth that Millie Jurkowitz is administratrix and also that she is the widow of decedent. The petition is signed by said Millie Jurkowitz not in a fiduciary capacity, and said petition is signed by all the heirs with the exception of Philip Jurkowitz, the exceptant. Jurisdiction can, and will be exercised by the court on the petition of the surviving spouse and heirs. Exceptant's reason no. 1 is therefore dismissed.

Exceptant's second reason, that the petition violates Rule 8, sec. 12, of the Orphans' Court Rules of the Supreme Court of Pennsylvania, in that said petition simply alleges decedent died intestate and petition

fails to allege whether said decedent died intestate, *in whole or in part;* and exceptant's third reason, that petition fails to set forth the liens and charges to which the property in question is subject and the rents due from the tenants thereof. Although petitioners are not required under Rule 525 (partition) of the Orphans' Court Rules of Lackawanna County, to set forth these facts, they are, nevertheless, required under sec. 12, Rule 8 (345 Pa. LXXVI) of the Orphans' Court Rules of the Supreme Court of Pennsylvania to do so. While the court, at every stage of any action or proceedings, may disregard any error or defect of procedure, which does not affect the substantial rights of the parties in interest, and can liberally construe the rules to secure just, speedy, and inexpensive determination of every action or proceeding to which they are applicable, the court is of the opinion that it would be a better practice to have petitioners' petition conform to the more comprehensive rule.

Petitioners, therefore, should set forth whether or not decedent died testate or intestate, *in whole or in part*, and whether or not said real estate is encumbered by lien or charge, and if there is a lien or charge against said real estate, said lien or charge should be described. Likewise, the rents, profits and revenues (if any) from said real estate should also be set forth as well as the disposition made of them. If there be no rents, profits or revenues, that fact should appear.

Exceptant's fourth reason that petitioners do not allege that the interest in said real estate of each interested person is created by deed or will and fails to set forth any deed or will in reference to the interest of each of the said persons is not well taken. Peti-

tioners allege, in their petition, that decedent died intestate, that he was seized only of the real estate described in their petition and that petitioners and exceptant are the heirs at law. These allegations are sufficient to show that the interest of the heirs in the real estate is created by law and that there is no deed or will in existence.

Exceptant's fifth reason:

"That the said petition violates Rule 4 of the Orphans' Court Rules of Pennsylvania, in that the petition fails to set forth the citation of the Act of Assembly relied upon."

Section 12 (Special Petitions) of the Orphans' Court Rules of the Supreme Court of Pennsylvania applies to partition. It will be noted that Rule 8 of said section 12 sets forth the requirements of a petition for partition. The citing of the act of assembly relied upon is not a requisite. Rule 4 of section 3 referred to in exceptant's fifth reason is not applicable. However, it would be of convenience and help to the court and all parties interested if the act proceeded under and relied upon was cited.

Now, June 5, 1946, after argument of counsel and in consideration of the petition for citation and motion to quash, it is ordered, adjudged and decreed as follows, viz:

That petitioners are hereby required to amend their petition to conform with the foregoing opinion, within 10 days from this date. If such amendment be not then filed, then the second and third reasons advanced by Philip Jurkowitz, exceptant, in his motion to quash, and as ruled upon in the foregoing opinion, are sustained and the proceedings in partition are quashed without prejudice.